Plaintiff: Brian Jeffries Pro Se
Address: 10134 Hammerly St Apt 126 Houston, TX 77080
Phone#: 832 923 5501
Email address: bjg67507@gmail.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN JEFFRIES | ) | |
| Plaintiff | ) | No. _____ |
| V | ) | |
| GREGORY W. (GREG) ABBOTT | ) | CIVIL RIGHTS COMPLAINT |
| WARREN KENNETH PAXTON JR. | ) | TITLE 42 U.S.C §1983 |
| RENDREKA Y. HAGGER "aka" RENDREKA ALLI | ) | COMPLAINT for |
| | ) | DECLARATORY, |
| Defendants | ) | INJUNCTIVE, and |
| | ) | COMPENSATORY RELIEF and |
| | ) | PUNITIVE DAMAGES |

Civil Rights Complaint Pursuant to Title 42 United States Code 1983

Plaintiff, Brian Jeffries brings this Complaint pursuant to Title 42 United States Code 1983. Plaintiff seeks to vindicate Constitutional Rights as secured by Federal Laws and the United States Constitution Fourteenth (14th) Amendment Due Process against defendants, all of whom, at all times relevant to acts herein complained of, were acting under the color State law.

## JURISDICTION

This Court has jurisdiction over this action pursuant to Title 28 U.S.C. § 1331, (federal question jurisdiction). Title 28 U.S.C § 1343, Title 28 U.S.C § 1331 also confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law. Title 28 U.S.C § 2201 (authorizing declaratory relief) and Title 28 U.S.C § 2202 (authorizing injunctive relief).

## VENUE

Venue is proper in the United States District Court, Southern District of Texas, Houston Division, as a substantial part of the events or omissions giving rise to the claim occurred in this District. Title 28 US code 1391(b) (2).

## PLAINTIFF

The **Plaintiff** is Brian Jeffries, a citizen of the city of Houston, Harris County, Texas. The address of the Plaintiff is 10134 Hammerly St Apt 126 Houston, TX 77080. Plaintiff can be reached by telephone at (832) 923-5501 and by email at bjg67507@gmail.com

## DEFENDANTS

RENDREIKA HAGGER; Defendant Rendreka Hagger is the Custodial Parent in the underlying "alleged" child support proceedings. Defendant RendrekaHagger is not a state actor. However, while acting in conspiracy with State Actors, defendant Rendreka Hagger conspired to violate the Constitutional Rights of the Plaintiff, thereby becoming liable under Title 42 USC 1983.

> For a private citizen to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors; plaintiff must allege (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. 42 U.S.C.A. § 1983. *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004)

Defendant Rendreka Hagger may be served with process at 1001 West Loop S Ste 103 Houston ,Tx 77027

Compliant pursuant Title 42 USC 1983

RENDREKA HAGGER:Plaintiff Brian Jeffries was staying with Rendreka Hagger at 7302 Corporate Dr. Houston ,Tx 77036 paying rent and performing fatherly duties for Christian Hagger while working at Roadrunner moving co. located at 6800 Sandspoint Houston,Tx 77074 also 10555 Spice Lane Houston,Tx 77072 where he was paying for rent,utilities,groceries,daycare bills,clothing,electrical appliances,furniture and he also moved defendant and son out of the 1 bedroom they were staying in behind the office into a 2 bedroom so Christian Hagger could have his own room.At no time did Rendreka Hagger inform Child Support Services or the Attorney General of these status changes.She manipulated the system by not informing Child Support Services and the Attorney General of these matters while Brian Jeffries paid for the cost of living while she collected child support,TANF and also other IV D Amenities while also not informing the establishment/overseers about her change in work status.

Defendant Rendreka Hagger is the Custodial Parent in the underlying"alleged" child support proceedings.Defendant Rendreka Hagger is not a state actor.However,while acting in conspiracy with the State Actors,defendant Rendreka Hagger conspired to violate the Constitutional Rights of the Plaintiff,thereby becoming liable under Title 42 USC 1983.

For a private citizen to be held liable under section 1983,the plaintiff must allege that the citizen conspired with or acted in concert with state actors;plaintiff must allege(1)an agreement between the private and public defendants to commit an illegal act and (2)a deprivation of constitutional rights.42U.S.C.A. 1983 Priester v. Lowndes Cty., 354 F.3d 414(5th Cir.2004)

Defendant Rendreka Hagger may be served with process at 1001 West Loop S Ste 103 Houston ,Tx 77027

Compliant pursuant Title 42 USC 1983

Page 2

**GREGORY (GREG) W. ABBOTT** is the Former Attorney General of the State of Texas. Defendant ABBOTT is sued in his individual capacity. Defendant ABBOTT is also sued in his official capacity. Defendant ABBOTT, as the Former Attorney General of the State of Texas possessed Principal Policy making authority for the State of Texas. Defendant Abbott is currently the Governor of the State of Texas. Defendant Abbott may be served with process at Office of the Governor State Insurance Building 1100 San Jacinto Austin, Texas 78701.

**WARREN KENNETH (KENT) PAXTON JR.** is the current Attorney General of the General State of Texas. Defendant PAXTON is sued in his individual capacity. Defendant PAXTON is also sued in his official capacity. Defendant PAXTON, as the current Attorney General of the State of Texas, possesses Principal Policy making authority for the State of Texas. Defendant PAXTON may be served with process at Office of the Attorney General 300 W. 15th Street Austin, TX 78701.

### DEFENDANTS are "PERSONS" under TITLE 42 U.S.C. § 1983

All government employees are "persons" under § 1983 and can be sued for anything they do at work that violates clearly established constitutional rights. *HAFER v. MELO* (1991) United States Supreme Court No. 90-681 Argued: October 15, 1991 Decided: November 5, 1991

State officials sued in their individual capacity do not enjoy sovereign immunity from suit and may be sued under § 1983. Title 42 U.S.C.A. § 1983 *Hamilton v. Pechacek*, 319 S.W.3d 801 (Tex. App. 2010)

### OFFICIAL CAPACITY SUITS AGAINST GOVERNMENT OFFICIALS

Suit under § 1983 against state official in his or her official capacity should be treated as suit against state, and because real party in interest in official-capacity suit is state and not named official, state's "policy or custom" must have played part in violation of federal law. Title 42 U.S.C.A. § 1983. *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)

A governmental policy, for purpose of establishing governmental liability under § 1983, may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. 42 U.S.C.A. § 1983 *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 438–39 (5th Cir. 2008)

A custom, for purpose of establishing governmental liability under § 1983, is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy. 42 U.S.C.A. § 1983 *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 438–39 (5th Cir. 2008)

### Official Capacity Suits are Suits Against the State

The State of Texas, by and through its Office of Attorney General, the IV-D Agency for the State of Texas, sued this Plaintiff, Brian Jeffries allegedly, pursuant to Section IV-D of the Social Security Act. The State of Texas in filing and prosecuting said legal action, necessarily waived sovereign immunity with respect to their lawsuit and any subsequent counterclaims by this Plaintiff Brian Jeffries.

> Therefore, a determination that a governmental entity's immunity from suit does not extend to a situation where the entity has filed suit is consistent with the policy issues involved with immunity. In this situation, we believe it would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it. *See* <u>Guar. Trust Co. v. United States, 304 U.S. 126, 134-35, 58 S.Ct. 785, 82 L.Ed. 1224 (1938)</u> (noting that the rule allowing claims against a foreign sovereign that has asserted its own claims is assumed to be founded on principles of justice); *see also* <u>Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex.1983)</u> (stating that fundamental fairness requires parties to be heard on the merits of their cases). *Reata Const. Corp. v. City of Dallas*, 197 SW 3d 371 - Tex: Supreme Court 2006

Therefore, we hold that the decision by the City of Dallas to file suit for damages encompassed a decision to leave its sphere of immunity from suit for claims against it which are germane to, connected with and properly defensive to claims the City asserts. Once it asserts affirmative claims for monetary recovery, the City must participate in the litigation process as an ordinary litigant. *Reata Const. Corp. v. City of Dallas*, 197 SW 3d 371 - Tex: Supreme Court 2006

Plaintiff alleges that the State of Texas has liability for damages caused by State Actors constitutional violation of Rights, Privileges, and Immunities secured to the Plaintiff by the United States Constitution, because the acts of Defendants represents a widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy. Plaintiff therefore proceeds against Defendant's Abbott and Defendant's Paxton, in their official capacity as Defendant's Abbott and Defendant's Paxton are officials to whom the lawmakers have delegated policy-making authority.

## Qualified Immunity not Available under TITLE 42 USC § 1983

The United States Supreme Court held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. *Harlow v. Fitzgerald*, 457 U.S. 818, 819 (1982)

Therefore, this action not barred by qualified immunity as the Fourteenth (14th) United States Constitutional Amendment is clearly established.

## STATEMENT OF FACTS

The underlying "Alleged" Child support case# 2004-66644 Attorney General Number: 0010276904, was prosecuted in IV-D Court #2, the court of IV-D Judge Frank P. Pierce.

The underlying "Alleged" Child support case# 2004-66644 Attorney General Number: 0010276904, was dismissed on 2009. The office of Attorney General of the State of Texas, has

in the past, and is currently prosecuting "alleged" child support claims against this Plaintiff, after the alleged case has been dismissed. Said prosecution, after the case has been dismissed, by the Attorney General of the States of Texas, constitutes attempted, and threatened, Deprivation of Rights without due process in violation of the 14th Amendment to the United States Constitution.

Defendants Abbott and Paxton conspired to deprive and conspired to attempt to deprive this Plaintiff of property, in the form of money, without due process of law. Defendants Abbott and Paxton conspired to deprive and conspired to attempt to deprive this Plaintiff of Liberty, without due process of law. Defendants Abbott and Paxton, by and through the offices of the State of Texas, forwarded a portion of the unconstitutionally deprived funds, to Defendant Rendreka Hagger. DefendantRendrekaHagger, thereby conspired to deprive the Plaintiff of property, and liberty, without due process.

The deprivation from this Plaintiff Brian Jeffries, of Rights, Privileges, and Immunities, which are secured by the United States Constitution, violates Due Process as secured by the 14th Amendment to the United States Constitution. Said violations of the Constitutional rights of the Plaintiff gives rise to these Causes of Action, pursuant Title 42 United States Code 1983.

## CAUSE OF ACTION #1

### Violation of the 14th Amendment Deprivation of Liberty without Due Process:

On or about March 19, 2019, Defendants conspired to Deprive the Plaintiff of the 14th Amendment Liberty Interest in international Travel when the Defendants conspired to deprive the Plaintiff of the right to International Travel, by making false statements to the Health and Human services Department. Said false statements cause the Health and Human Services Department to deprive the Plaintiff of an International Passport, on or about March 19, 2019. Said conspiracy to deprive the Plaintiff of the Liberty Interest in international Travel violates the 14th Amendment and gives Rise to this First Cause of Action under Title 42 United States Code 1983.

> The right to travel is a part of the liberty of which a citizen cannot be deprived without due process of law. *United States v. Laub*, 385 U.S. 475, 87 S. Ct. 574, 17 L. Ed. 2d 526 (1967)

> Right to travel is a part of the liberty of which the citizen cannot be deprived without due process of law; as such, it is deemed a fundamental right that is closely related to rights of free speech and association. U.S.C.A. Const.Amends. 1, 14. *NYC C.L.A.S.H., Inc. v. City of New York*, 315 F. Supp. 2d 461 (S.D.N.Y. 2004)

> The constitutional basis or source of the right to international travel is held to be the Fifth Amendment of the United States Constitution by the vast majority of courts confronting the issue. (5th Amendment is made applicable to states through the 14th Amendment) The right is viewed as an aspect of the "liberty" of which a citizen cannot be deprived under the Fifth Amendment without due process of law. *Id.; see also, Califano v. Gautier Torres,* 435 U.S. 1, 4 n. 6 (1978) (citations omitted) (cited with approval in *Califano v. Aznavorian,* 439 U.S. 170, 176 (1978)); Annotation, *supra,* 58 L.Ed.2d at 908–910 (citing numerous cases); *cf., Aptheker v. Secretary of State,* 378 U.S. 500 (1964) (an opinion lending support to a minority position that the right to travel abroad has a basis in the First Amendment's guaranty of freedom of speech and association). *De Nieva v. Reyes,* No. CIV. A. 88-00017, 1989 WL 158912, at *6 (D. N. Mar. I. Oct. 19, 1989)

> The right to travel at home and abroad is an important aspect of liberty of which a citizen cannot be deprived without due process of law. *Kent v. Dulles,* 357 U. S. 116.

Defendant's made materially false statements of fact and defendants made materially false statement of law for the purpose of depriving the Plaintiff of the Constitutionally Guaranteed Liberty to travel at home and abroad. Said materially false statements, made in an official proceeding, constitutes aggravated perjury. Said materially false statements include: Defendants represented that this Plaintiff owed the State of Texas more than $5000.00 in unpaid child support. Said false statements were ultimately made to the United States Department of State. The United States Department of States issues passports to citizens. An official Passport is needed for international travel.

Defendants conspired to make material misrepresentation of fact and material misrepresentation of law, thereby committing aggravated perjury, in order to conspire to deprive this Plaintiff of the 14th Amendment Liberty Interest to travel abroad.

Complaint pursuant Title 42 USC 1983        page 7

Said conspiracy to deprive, without due process, this Plaintiff of the Liberty to Travel abroad, gives rise to this Cause of Action #1 pursuant to Title 42 United States Code 1983, Deprivation of Liberty without due process.

### CAUSE OF ACTION #2

### Deprivation in the Right to Association as Secured by the First Amendment

The right to travel abroad has a basis in the First Amendment's guaranty of freedom of speech and association. Plaintiff alleges that Defendants, on or about March 19, 2019, conspired to deprive the Plaintiff of an International Passport.

Defendants made material misstatements of fact and material misstatements of law, thereby committing aggravated perjury, when the Defendants conspired to make false statements to the Department of State in order to deprive the Plaintiff of the First Amendment right to associate with family members. Defendants represented that this Plaintiff owed more than $5000.00 in child support, when in fact the "Alleged" child support case had been dismiss in 2009.

Defendants violated the Plaintiff's right to Travel abroad and associate with family members that happen to be living abroad. Said conspiracy to deny the Plaintiff of the First Amendment's guaranty of freedom of speech and association, without due process, violates the Plaintiff's Constitutional Rights as secured by the First Amendment and gives rise to this Cause of Action #2 under Title 42 United States Code 1983.

### CAUSE OF ACTION #3

### 14TH AMENDMENT DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

On or about May 07, 2012 Defendants deprived the Plaintiff of Property without due process. Said Property was an Insurance Check settlement made out to Brian Jeffries in the amount of Three-Thousand Eight-Hundred Ninety ($3,890.00).

Defendants made material misrepresentation of fact and material misstatements of fact, thereby committing aggravated perjury when Defendants represented that the Defendants had a judgment lien on the Plaintiff's Insurance Settlement. Defendants thereby placed a Fraudulent Judgment

Lien on the Plaintiff's Insurance Settlement Check. Defendants did in fact deprive the Plaintiff of the Plaintiff's Insurance Settlement Check in the amount of Three-Thousand Eight-Hundred Ninety ($3,890.00).

Defendants could not have possessed a valid Lien on the property of this Plaintiff, on or about May 07, 2012, because the case had been dismissed in its entirety in 2009. Defendants therefore deprived this plaintiff of property without due process, in violation of the United States Constitution 14th Amendment.

Said deprivation of the Property, an Insurance Settlement in the amount of Three-Thousand Eight-Hundred Ninety ($3,890.00), deprived the Plaintiff of Property without Due Process in violation of the 14th Amendment to the United States Constitution and gives Rise to Cause of Action #3 pursuant to Title 42 United States Code 1983.

### CAUSE OF ACTION #4

### 14TH AMENDMENT DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

On or about 2005-2021 Defendants conspired to deprive, and or Defendants conspired in an attempted deprivation of property without due process in violation of the 14th Amendment to the United States Constitution. To wit:

Defendants represented to this Plaintiff's employer that the Plaintiff was indebted to the State of Texas in the amount of $ 60,000. Plaintiff is not indebted to the state of Texas in any amount money. In fact the "alleged child support" was dismissed in 2009, by the State of Texas, by and through its Office of Attorney General.

Defendants conspiracy to deprive, and or Defendants conspired in an attempted deprive the Plaintiff of $60,000 on or about without due process, is in violation of the 14th Amendment to the United States Constitution Due Process. Defendants said violation of the Plaintiff's rights privileges and immunities that are secured by the 14th Amendment to the United States Constitution and gives rise to this cause of Action #4 pursuant to Title 42 United States Code 1983.

Complaint pursuant Title 42 USC 1983        page 9

## SUMMARY OF PETITION

Defendants Kent Paxton, Greg Abbott, and Rendreka Hagger conspired to violate the Constitutional Rights of the Plaintiff. Defendants Abbott and Paxton conspired to use the facilities of the State of Texas in an ongoing conspiracy to violate the Constitutional Rights in the Prosecution of an alleged Child Support Case in Harris County Texas. Defendants Kent Paxton, Greg Abbott, acting in the Defendants individual capacity and the Defendants Official capacity, conspired to violate the Constitutional Rights of the Plaintiff, Brian Jeffries.

Defendants Kent Paxton, Greg Abbott, deprived the Plaintiff of property without due process and forwarded the fraudulently deprived funds, to Defendant Rendreka Hagger, thereby making Defendant Hagger a conspirator to the constitutional violations, herein complained of.

Defendant Kent Paxton and Greg Abbott, as acting as officials to whom the lawmakers have delegated policy-making authority, used the facilities of the State of Texas in the executing of the Official Policy and Practice of violation the Constitutional Rights of the Plaintiff, Brian Jeffries; while prosecuting alleged Child Support Proceedings in Harris County Texas.

## RELIEF REQUESTED

1. Plaintiff asks the Judge of This Honorable Court issue to Temporary Restraining Order and Preliminary Injunction to enjoin from violation of the Plaintiff's Constitutional Rights.

Plaintiff asks the Judge of this Honorable to order the Defendants, State Officials who have a fiduciary responsibility to this Plaintiff, to disgorge the funds that were deprived from this Plaintiff without due process.