# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **BRIAN JEFFRIES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:21-CV-03249** |
| | § | |
| **GREGORY W. ABBOTT,** | § | |
| *et al*. | § | |
| | § | |
| **Defendant.** | | |

## MEMORANDUM AND RECOMMENDATION

This is a civil rights case brought under 42 U.S.C. § 1983 by an individual Plaintiff proceeding pro se against Defendants Governor Gregory W. Abbott ("Abbott"), Attorney General Ken Paxton ("Paxton"), and Rendreka Y. Hagger (a.k.a. Rendreka Alli). Pending before the Court are Defendants' Motions to Dismiss. (Dkt. Nos. 12-1, 13-1)[1] Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Defendant Paxton's Motion to Dismiss (Dkt. No. 12-1) be **GRANTED** and Defendant Abbott's Motion to Dismiss (Dkt. No. 13-1) be **GRANTED**. The Court also **RECOMMENDS** Plaintiff's claims regarding Defendants Abbott and Paxton be **DISMISSED WITH PREJUDICE.** Moreover, pursuant to this recommendation, Plaintiff's Motion for Joinder (Dkt. No. 30) and Motion for Action to Join Parties (Dkt. No. 33) are hereby **DENIED**.[2]

### I. BACKGROUND

---

[1] On April 26, 2022, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 18.)
[2] On July 11, 2022, Plaintiff filed a Motion for Joinder, stating that although he is satisfied

Plaintiff filed a complaint on September 30, 2021 alleging a number of causes of action under 42 U.S.C. § 1983 ("Section 1983"). (Dkt. No. 1) Central to Plaintiff's complaint is his frustration that he is unable to obtain a United States passport because he has failed to pay child support and is in ongoing litigation regarding his unpaid child support debts. (Dkt. No. 4, pg. 7) Specifically, Plaintiff outlines four causes of action. First, he alleges that his Fourteenth Amendment Due Process rights were violated when Defendants "conspired to deprive [Plaintiff] of his right to [i]nternational [t]ravel by making false statements" to the Department of Health and Human Services that allegedly resulted in Plaintiff's passport application being denied. (*Id*. at 8) Second, he alleges his First Amendment right of freedom of association was abridged when Defendants conspired to deprive him of having a passport. (*Id*. at 9) Third, he alleges his Fourteenth Amendment Due Process rights were violated when Defendants allegedly deprived Plaintiff of receiving an insurance settlement check in the amount of Three-Thousand Eight-Hundred and Ninety dollars ($3,890). (*Id*. at 9–10) Lastly, he alleges his Fourteenth Amendment Due Process rights were violated when Defendants allegedly told his employer that he was indebted to the State of Texas in the amount of Sixty-Thousand dollars ($60,000). (*Id*. at 10)

On October 8, 2021, Plaintiff filed an Amended Complaint (*Id*.) against Defendant Abbott, in his official and individual capacities, Defendant Paxton, in his official and individual capacities, and Defendant Rendreka Y. Hagger (a.k.a. Rendreka Alli), alleging claims under 42 U.S.C. § 1983. In response, Defendants Abbott and Paxton filed separate Motions to Dismiss. (Dkt. Nos. 12-1,

---

with the defendants named in the lawsuit, he gives the Court permission to join any other defendants the Court deems necessary to dispose of the case. On July 12, 2022 Plaintiff filed a substantively equivalent Motion on Action to Join Parties. (Dkt. No. 33.) Because of the outcome recommended, the Court sees no reason to join further defendants. Plaintiff's Motions are **DENIED**.

13-1) Defendants argue that Plaintiff's complaint should be dismissed with prejudice for five separate reasons: (1) Plaintiff's Section 1983 claims are barred by Eleventh Amendment Immunity; (2) Both Defendants Abbott and Paxton do not count as "persons" subject to suit under Section 1983; (3) Plaintiff lacks standing to bring his claims; (4) Plaintiff fails to state a claim upon which relief may be granted; and (5) Qualified Immunity bars Plaintiff's claims. For the foregoing reasons the Court agrees with Defendants Abbott and Paxton and **RECOMMENDS** that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

## II. LEGAL STANDARDS

### a. Section 1983

Section 1983 provides a federal cause of action based on the deprivation of a person's rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotations omitted). For example, Section 1983 is the proper statutory mechanism to bring a claim based on an alleged violation of any constitutional rights, including violations of the Due Process clause of the Fourteenth Amendment and First Amendment violations of the right to freedom of association. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11–12 (2014) (acknowledging Fourteenth Amendment Section 1983 claim); *Howell v. Town of Ball*, 827 F.3d 515, 526–27 (5th Cir. 2016) (acknowledging First Amendment Section 1983 claim). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

Further, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

### b. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When the court lacks statutory or constitutional power to adjudicate the case, the case is properly dismissed for lack of subject matter jurisdiction. *Id.*; *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). The plaintiff bears the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (citing *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)).

### c. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief— including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted). A court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff," *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted), but it is not bound

to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, while courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### III. APPLICATION

#### a. Eleventh Amendment Immunity bars claims against Defendants Governor Abbott & Attorney General Paxton

The Eleventh Amendment of the Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State's Eleventh Amendment Immunity extends to arms or agencies of the State. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). "Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991*).* The Eleventh Amendment also "bar[s] a damages action against a State in federal court" and "[t]his bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).

Here, to the extent that Plaintiff alleges misconduct against Defendants for actions allegedly taken in their official capacity, both Abbott and Paxton enjoy the same Eleventh Amendment Immunity retained by the State of Texas. In his Amended Complaint, Plaintiff argues

that the State of Texas and both Defendants waived sovereign immunity because the State of Texas, through the Office of the Attorney General, previously filed suit against Plaintiff pursuant to Section IV-D of the Social Security Act regarding Plaintiff's unpaid child support. (Dkt. No. 4) This argument is unavailing. As Defendants point out, Plaintiff has not alleged any facts that would lead the Court to believe that the State of Texas or either Defendant, in their official capacity, waived Eleventh Amendment Immunity. Because "[s]uits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991*)*, the Court holds that Defendant Abbott and Defendant Paxton are entitled to Eleventh Amendment Immunity for the claims Plaintiff alleges each committed in his official capacity.

### b. Defendants are not "persons" subject to suit under Section 1983

Even if the Court was persuaded by Plaintiff's arguments regarding whether Defendants waived Eleventh Amendment Immunity, the Court would still lack subject matter jurisdiction over Plaintiff's claims because neither Abbott nor Paxton, in their official capacities as Governor of the State of Texas and Attorney General of the State of Texas, are subject to suit under Section 1983. Section 1983 renders certain "persons" liable for deprivations of constitutional rights, but "neither a State *nor its officials acting in their official capacities* are 'persons' under § 1983." *Will*, 491 U.S. at 71 (emphasis added). As such, neither Abbott nor Paxton, both sued in their official capacities, is a "person" who can be sued within the meaning of Section 1983. Therefore, the Court lacks subject matter jurisdiction over the claims Plaintiff brought related to alleged actions taken by Abbott and Paxton in their official capacity.

### c. Plaintiff lacks standing to bring his Section 1983 claims

To have standing to bring a suit, a plaintiff must show (1) an "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by

a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Regarding the requirement that the injury be fairly traceable to the challenged action of the defendant, the Supreme Court has held, "it does not suffice [that] the injury complained of is the result of the independent action of some third party not before the court. . . ." *Bennett v. Spear*, 520 U.S. 154, 169 (1997) (internal quotations and citations omitted).

Here, even assuming Plaintiff could show injury-in-fact, which the Court need not decide, Plaintiff does not provide any evidence that the alleged injuries are traceable to either Defendant. Neither Governor Abbott nor Attorney General Paxton play any role in the process of granting or denying passport applications. As Defendants point out, United States passport applications are processed through the U.S. Department of State. 22 U.S.C. § 221a. Under the Passport Denial Program of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, the State Department *must* refuse to issue or revoke the right to use a passport for any individual who has past-due child support in an amount exceeding $2,500. See 42 U.S.C. § 652(k). Child support agencies are required to submit information on parents who exceed the indebtedness limit to the Office of Child Support Enforcement under the U.S. Department of Health & Human Services, which forwards this information to the State Department. *See* 42 U.S.C. § 454(31). Even though in Texas the Title IV-D child support agency is the Child Support Division of the Office of the Texas Attorney General, neither Governor Abbott nor Attorney General Paxton played any role in denying Plaintiff's right to international travel because the process for obtaining a passport is governed by the United States Department of State. As such, Plaintiff's alleged injury is not "fairly traceable" to either Defendant Abbott or Paxton. Therefore, the Court lacks standing to hear Plaintiff's case.

> **d. Plaintiff fails to state a claim under Section 1983**

"To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Moreover, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

Here, Plaintiff alleges his First Amendment right to freedom of association was violated. (Dkt. No. 4, pg. .) He also alleges that his Fourteenth Amendment rights were violated when Defendants (1) usurped his right to travel without due process by making "false statements" to the Texas Health & Human Services Commission regarding his child support delinquency (*Id*. at 7); (2) deprived Plaintiff of insurance settlement funds by placing a "Fraudulent Judgment Lien" on an insurance settlement check in the amount of Three-Thousand Eight-Hundred and Ninety dollars ($3,890) (*Id*. at 9–10); and (3) "represent[ed] to [his] employer that [he] was indebted to the State of Texas in the amount of $60,000" when Plaintiff claims that any alleged child support indebtedness was previously dismissed. (*Id*. at 10)

Plaintiff's arguments are unavailing. First, all of Plaintiff's Section 1983 claims must be dismissed because none of the alleged facts included in his filings demonstrate that either Abbott or Paxton were involved, in any way, in the alleged deprivation of Plaintiff's constitutional rights. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (an official may be held liable when he is personally involved in the acts causing the deprivation of a person's constitutional violation sought to be redressed); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (same); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (per curiam) (same).

Second, even if Plaintiff could demonstrate that the alleged violations of his rights were

perpetrated by either Abbott or Paxton, Plaintiff's amended complaint does not demonstrate that any of his rights were violated. Although the right to travel within the United States is constitutionally protected under the Fourteenth Amendment, the freedom to travel internationally is not an unqualified right. *See Califano v. Aznavorian*, 439 U.S. 170, 176 (1978) ("The 'right' of international travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment...[and] can be regulated within the bounds of due process.") (citations omitted). However, even assuming the Constitution did broadly protect the right to international travel, Plaintiff fails to demonstrate how the procedures taken to deny his passport application were constitutionally insufficient. *See Kansas v. United States*, 214 F.3d 1196, 1198 (10th Cir. 2000), cert. denied, 531 U.S. 1035 (2000) (upholding the constitutionality of the Child Support Enforcement Program under 42 U.S.C. § 652(k) as a valid exercise of Congressional authority under the Spending Clause).

Similarly, Plaintiff fails to detail any other way in which his Fourteenth Amendment rights were violated. Although Plaintiff alleges that a lien placed on his insurance settlement check abridged his constitutional rights, the Social Security Act of 1975 requires every state to manage child support enforcement programs. *See generally* 42 U.S.C. § 652. Pursuant to that authority, the Texas Legislature expressly granted the Child Support Division with the authority to place liens on insurance claims to secure past-due child support and expressly requires insurance providers to cooperate with the Child Support Division in doing so. See TEX. FEM. CODE § 231.015; see also 55 TEX. ADMIN. CODE § 55.601. As such, Plaintiff's allegation that his Fourteenth Amendment rights were violated when a lien was placed on his insurance settlement is without legal merit.

Plaintiff also argues that his Fourteenth Amendment rights were violated when his former employer was told that he owed Sixty-Thousand dollars ($60,000) to the State of Texas. This

argument, too, is without legal merit. The Social Security Act of 1975 grants authority to states to manage child support enforcement programs. *See generally* 42 U.S.C. § 652. As such, if the Child Support Division did contact Plaintiff's employer concerning his child support obligations, the Child Support Division was entitled to do so under Texas law because wage garnishment for child support payments is specifically permitted by the Texas Constitution and the Texas Civil Practice & Remedies Code. *See* TEX. CONST. art. 16 § 28; TEX. CIV. PRAC. & REM. CODE § 63.004. Income withholding is similarly permitted by the Texas Family Code. *See* TEX. FAM. CODE § 158.003 (allowing withholding for arrearages in child support). For the above reasons, Plaintiff cannot establish that any of his Fourteenth Amendment rights have been violated, let alone violated by Defendants in either their individual or official capacities.

Lastly, Plaintiff's allegations regarding his First Amendment right to freedom of association are similarly unavailing. First, as stated above, the First Amendment protection of freedom of association does not wholly extend to international travel. *See Califano*, 439 U.S. at 176 ("The 'right' of international travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment...[and] can be regulated within the bounds of due process.") (citations omitted). Moreover, even if international travel was entitled to the same constitutional protections as the right to travel domestically, Plaintiff fails to demonstrate how the procedures taken to deny the issuance of his passport were in any way constitutionally insufficient. Thus, Plaintiff fails to offer any factual content from which this Court could reasonably infer that Defendants are in any way liable for Plaintiff's Section 1983 claims. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

### e. Qualified Immunity bars Plaintiff's claims against Defendants Abbott and Paxton in their individual capacity

A government official sued under federal law in his individual capacity may raise qualified

10 / 12

immunity in a Rule 12(b) motion to dismiss. *Club Retro, L.L.C. v. Hilton*, 568 F. 3d 181, 194 (5th Cir. 2009). Qualified immunity "shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a state official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar his recovery. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). The qualified immunity analysis has two steps, which can be taken in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "First, [courts] assess whether a statutory or constitutional right would have been violated on the facts alleged." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004). Second, courts "determine whether the defendant's actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

As explained above Plaintiff cannot that a constitutional violation occurred. As such, he cannot show that qualified immunity does not bar his recovery. However, even if Plaintiff could demonstrate that either Defendants Abbott or Paxton had personal involvement concerning any of his claims, the Child Support Division is required to report individuals who owe child support in excess of $2,500 to the State Department, who has the authority to deny or restrict passport issuances based on that information. *See* 42 U.S.C. §§ 454(31), 652(k). Based on the foregoing, both Defendants Abbott and Paxton, in their individual capacity are entitled to qualified immunity and Plaintiff's Section 1983 claims are hereby dismissed under FED. R. CIV. P. 12(b)(6).

## IV. CONCLUSION

Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Defendant Paxton's Motion to Dismiss (Dkt. No. 12-1) be **GRANTED** and

Defendant Abbott's Motion to Dismiss (Dkt. No. 13-1) be **GRANTED**. The Court also **RECOMMENDS** Plaintiff's claims regarding Defendants Abbott and Paxton be **DISMISSED WITH PREJUDICE.** Moreover, pursuant to this recommendation, Plaintiff's Motion for Joinder (Dkt. No. 30) and Motion for Action to Join Parties (Dkt. No. 33) are hereby **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on July 18, 2022.

Sam S. Sheldon
United States Magistrate Judge